(February 28, 1994)

■ ANDREW A. AMENDOLA et al., Respondents, v A.C. ELECTRIC CO., INC., et al., Appellants. [608 NYS2d 279] —In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated March 12, 1992, which granted the plaintiffs' motion for partial summary judgment and denied their cross motion for summary judgment.

Ordered that the judgment is affirmed, with costs.

The plaintiffs were indentured on May 23, 1986, when they executed apprenticeship indenture agreements with the Westchester-Fairfield Joint Electrical Apprenticeship Training Committee. These agreements provided that the plaintiff apprentices would be paid the wage rates stated in a 1983 collective bargaining agreement between the Westchester Fairfield Chapter of the National Electrical Contractors Association (hereinafter the W-F NECA) and Local No. 501 of the International Brotherhood of Electrical Workers (hereinafter Local 501) and according to a 1969 order of the New York State Division of Human Rights. The committee was authorized to indenture new apprentices by the W-F NECA and Local 501. The defendant A.C. Electric Co., Inc., was a member of the W-F NECA and was required to pay the plaintiffs the wage rates for new apprentices as stated in the collective bargaining agreement.

A 1986 collective bargaining agreement between the W-F NECA and Local 501 provided that new apprentice groups starting after May 31, 1986, were to be paid lower wages. Because the plaintiffs were indentured prior to May 31, 1986, they were not part of this group and were entitled to the higher wage rates for apprentices indentured prior to May 31, 1986. We hold that the defendants cannot retroactively and unilaterally lower the plaintiffs' previously agreed-upon wages.

The defendants also assert that the plaintiffs are not entitled to partial summary judgment in that the plaintiffs did not join Westchester-Fairfield Joint Electrical Apprenticeship Training Committee and Local 501 as necessary parties. Those two entities, however, were not necessary parties to this action as they could not be inequitably affected by the judgment in this action (see, CPLR 1001 [a]).

We have analyzed the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.